IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JON HANS KAAPUNI, JR.,  (01)<br><br>Defendant. | CR. NO. 13-00553 (01) JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 279 |

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 279

### I. INTRODUCTION

Defendant Jon Hans Kaapuni, Jr. ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from USP Lompoc, based on a pre-existing medical condition (obesity and hypertension) and the COVID-19 pandemic. The court determines that Defendant has failed to show extraordinary and compelling reasons to warrant release, and, even if he had, the court would deny the motion based on a consideration of the applicable 18 U.S.C. § 3553(a) factors. Thus, based on the following, the motion is DENIED.

1

## II. **BACKGROUND**

Defendant is a 41-year-old inmate incarcerated at USP Lompoc, and is scheduled for release from custody on November 5, 2025. *See* https://www.bop.gov/inmateloc/ (last visited August 11, 2020).

Defendant pled guilty on September 2, 2014 to conspiring to distribute, and possess with intent to distribute, fifty grams or more of methamphetamine. ECF Nos. 128-31. On February 23, 2015, Defendant was sentenced to a term of 151 months imprisonment, and a term of five years of supervised release. ECF Nos. 227, 228.[1]

Defendant submitted a request for compassionate release to USP Lompoc's Warden on May 18, 2020. *See* ECF No. 279-3. It appears that the request was never answered. *See* ECF No. 279-1 at PageID # 2913. On July 23, 2020, Defendant, represented by counsel, filed the instant motion for compassionate release, seeking a sentence reduction to time served, coupled with any appropriate amendment of the conditions of supervised release. ECF No. 279-1 at PageID #2926. On August 7, 2020, the Government filed its Response. ECF

---

[1] Defendant's total offense level 34, Criminal History Category I, resulted in an advisory United States Sentencing Guideline range of 151 to 188 months incarceration. Defendant was sentenced at the bottom of that Guideline range, 151 months. *See* ECF No. 278 at PageID #2887.

No. 283. The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

### III. DISCUSSION

**A.   Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[2] which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that

---

[2] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

"extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy statements.  Here, Defendant has submitted evidence showing that he exhausted his administrative remedies.  *See* ECF No. 279-3.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the Bureau of Prisons ("BOP") Director to determine whether other extraordinary and compelling reasons exist.  *See* Guideline § 1B1.13 n.1(A)-(D). In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by

4

[Guideline § 1B1.13 n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020). The court incorporates that analysis here.

**B.     Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant contends that he should be released from custody because: (1) he is obese, with a BMI of 35, and suffers from hypertension[3]; and (2) he is at great risk while incarcerated at USP Lompoc. The court addresses both of these arguments.

As to his first contention, the court agrees that Defendant has underlying medical conditions that place him or might place him at an increased risk for severe illness from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), individuals with "[o]besity (body mass index [BMI] 30 or higher)" fall into a high risk category. *See* https://www.cdc.gov/

---

[3] Although Defendant has several other ongoing medical issues (such as gout, joint pain, and sciatica), he argues that the obesity and hypertension "support his request." ECF No. 279-1 at PageID #2918.

coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 11, 2020).  Further, those with hypertension "might be at an increased risk" for severe illness from COVID-19.  *Id*.  In short, it is beyond question that Defendant's pre-existing medical conditions place him at an increased risk should he contract COVID-19.

Second, although USP Lompoc[4] certainly had a high number of COVID-19 cases in the past, the same is not true at the present time.  During the course of the pandemic, out of a total of 724 inmates tested at USP Lompoc, 132 have tested positive for COVID-19.  *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August 11, 2020).  But BOP currently reports "confirmed active cases" are limited to 1 inmate and no staff members at USP Lompoc.  *Id*.  Thus, USP Lompoc simply does not pose the threat it did several months ago.

The court concludes based on the existing evidence that Defendant has failed to demonstrate that extraordinary and compelling reasons warrant

---

[4] USP Lompoc is a medium-security penitentiary with a separate but adjacent minimum-security satellite camp.  The USP (that is, the USP alone and not the camp) presently houses 888 inmates.  *See* bop.gov/locations/institutions/lom/ (last visited August 11, 2020).

compassionate release. Although Defendant's severe obesity[5] places him at a higher risk if he contracts COVID-19 (and his hypertension may do so) he has no other medical conditions that place him at an elevated risk. Further, Defendant is 41 years old, and the number of COVID-19 cases at USP Lompoc has dropped dramatically over the past few months.[6] In short, although Defendant has demonstrated that his obesity places him at a higher risk if he contracts COVID-19, he has failed to show that at the present time USP Lompoc is an unsafe facility.

And to the extent that Defendant makes a more generalized argument regarding the risk of contracting COVID-19 in a BOP facility, the court disagrees. *See, e.g.*, *United States v. Drummondo-Farias*, ___ F. Supp. 3d ___, 2020 WL 2616119, at *5 (D. Haw. May 19, 2020) ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and

---

[5] Several courts have determined that obesity—alone or paired with hypertension—does not by itself provide adequate grounds for compassionate release. *See e.g., United States v. Lavatai*, 2020 WL 4275258 (D. Haw. July 24, 2020); *United States v. Wilfred*, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020); *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020; *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Wax*, 2020 WL 3468219, at *2-3 (D.N.J. June 25, 2020).

[6] USP Lompoc is separate from FCI Lompoc. FCI Lompoc previously was a COVID-19 "hot spot" with a significant number of infections. Like USP Lompoc, FCI Lompoc has greatly reduced its cases, with, as of August 11, 2020, 1 inmate and 1 staff member with "confirmed active cases." *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August 11, 2020).

compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United State v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

### C.     Section 3553(a) Factors

Even if Defendant had demonstrated that the required extraordinary and compelling reasons exist to justify compassionate release, the court would deny the motion based on a consideration of the § 3553(a) factors.

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[7] and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).  And under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).

---

[7] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody.  *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

Defendant "ran a very sophisticated and long-termed drug distribution network on Moloka'i." Sentencing Transcript, ECF. No. 278 at PageID #2898. Defendant had been distributing methamphetamine for "a considerable period of time." *Id*. at PageID #2899. He was held responsible at sentencing for distributing over 690 grams of "ice," and was given an upward adjustment of three levels for his leadership role in the conspiracy. *See* Presentence Investigation Report, ECF No. 229 at PageID #904-05.

Further, Defendant still has a significant portion of his sentence to serve—he is not scheduled for release from custody until November 5, 2025, over five years from now. *See* https://www.bop.gov/inmateloc/ (last visited August 11, 2020).[8] Given his offense conduct and leadership role, reducing Defendant's sentence to time served would undermine the goals of sentencing set forth in § 3553(a)(2). And Defendant's post-offense conduct while in prison, and the fact that he had only one criminal history point at sentencing, does not alter the court's conclusion.

---

[8] When evaluating the § 3553(a) factors, many district courts have considered the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release. *See, e.g.*, *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, __F. Supp. 3d__, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020); *United States v. Moskop*, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020); *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020).

In sum, the court finds that Defendant has not established the requisite extraordinary and compelling reasons to warrant compassionate release, and, even if he did, the court would deny the motion based on the relevant § 3553(a) factors.

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 279, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 11, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kaapuni,* Cr. No. 13-00553 (01) JMS, Order Denying Defendant's Motion for Compassionate Release, ECF No. 279